# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ISRAEL DAVID RICO SILVA,**<br>**Petitioner**<br><br>**v.**<br><br>**CRAIG LOWE, Warden of the Pike County Correctional Facility, in his or her official capacity; BRIAN MCSHANE, Acting Field Office Director (or Acting Deputy Field Office Director), U.S. Immigration and Customs Enforcement, Philadelphia Field Office; DAVID VENTURELLA, Acting Director, U.S. Immigration and Customs Enforcement; MARKWAYNE MULLIN, Secretary of the Department of Homeland Security; and TODD BLANCHE, Attorney General of the United States,**<br>**Respondents** | : | **No. 3:26cv2950**<br><br>**(Judge Munley)** |

## MEMORANDUM ORDER

Before the court is Israel David Rico Silva's petition for writ of habeas corpus under 28 U.S.C. § 2241.[1] (Doc. 1). Petitioner is a 19-year-old citizen of

[1] Federal district courts are authorized to grant a writ of habeas corpus under 28 U.S.C. § 2241 where the petitioner is detained "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Rico Silva filed the instant petition while detained at Pike County Correctional Facility. (Doc. 1 ¶¶ 1–2). He alleges violations of the Immigration and Nationality Act and the Fifth Amendment. Thus, the court has habeas jurisdiction over the petition. Rumsfeld v. Padilla, 542 U.S. 426, 443 (2004).

Venezuela and an immigration detainee in the custody of the Department of Homeland Security ("DHS"), Immigration and Customs Enforcement ("ICE") at the Pike County Correctional Facility. Id. ¶¶ 1–2. He has been detained by ICE since September 21, 2026 after release from the Lehigh County Prison on criminal charges of aggravated assault and simple assault. (Doc. 5-2 at ECF p. 2). Petitioner maintains that the criminal charges were a product of self-defense. (Doc. 1 ¶¶ 26, 32–33). He has also supplied state court records indicating that the assault charges were withdrawn and that he has been accepted into a county accelerated rehabilitation disposition ("ARD") program for an accompanying disorderly conduct charge. (Docs. 1-4, 1-5).

Rico Silva seeks release from detention to complete the ARD program. (Doc. 1 at ECF p. 20). Alternatively, he requests an immediate individualized bond hearing requiring the government to establish by clear and convincing evidence that continued detention is necessary to prevent flight or danger to the community. Id.

There is no final order of removal in Rico Silva's immigration proceedings which would implicate 8 U.S.C. § 1231.[2] Petitioner's criminal charges do not

---

[2] The court confirmed this information using the Executive Office for Immigration Review's case status website by inputting the petitioner's A-number and nationality. *Automated Case Information System*, EXECUTIVE OFFICE FOR IMMIGRATION REVIEW, https://acis.eoir.justice.gov/ (last visited October 27, 2026).

place him within the ambit of § 1226(c). The court thus agrees with respondents' position that 8 U.S.C. § 1226(a) applies to petitioner's detention. (Doc. 5 at 1). Section 1226(a) "permits discretionary release on bond pending removal proceedings so long as the noncitizen is not a danger or flight risk." Buele Morocho v. Warden Phila. FDC, 189 F.4th 287, 292 (3d Cir. 2026) (citing 8 U.S.C. § 1226(a); 8 C.F.R. § 1236.1(c)(8)). According to the government's exhibits, petitioner requested a custody redetermination hearing, i.e., a bond hearing. (Doc. 5-5). Consequently, the government asserts that this habeas petition should be denied to let the administrative process play out. (Doc. 5 at 7).

Because the relevant statute does not require administrative exhaustion, any requirement would be prudential in this case, i.e., judge-made and discretionary. United States v. Dohou, 948 F.3d 621, 628 (3d Cir. 2020). Prudential exhaustion requires the court "to balance the alien's interest in prompt access to the federal courts with the government's institutional interest in exhaustion." Id. (citing McCarthy v. Madigan, 503 U.S. 140, 144 (1992)). "But even when courts might otherwise require exhaustion, they may excuse it when, for instance, 'waiver, estoppel, tolling or futility' applies." Id. (quoting Wilson v. MVM, Inc., 475 F.3d 166, 174 (3d Cir. 2007)). In immigration habeas cases, administrative exhaustion has been excused where there is evidence that the administrative outcome has been predetermined. Cox v. Monica, No. 1:07-CV-

0534, 2007 WL 1804335, at *3 (M.D. Pa. June 20, 2007) (Conner, J.). Further, the futility exception is appropriate "when the decisionmakers in the administrative process will almost certainly reject petitioner's requested relief." Ndiaye v. Jamison, No. CV 25-6007, 2025 WL 3229307, at *4 (E.D. Pa. Nov. 19, 2025) (Sánchez, J.) (citing Bradshaw v Carlson, 682 F.2d 1050, 1052 (3d Cir. 1981)).

In September 2025, the Board of Immigration Appeals ("BIA") issued a decision indicating that a mandatory detention statute, 8 U.S.C. § 1225(b)(2)(A), applied to petitioners like Rico Silva. Matter of Yajure Hurtado, 29 I. & N. Dec. 216, 220 (BIA 2025). The question at this juncture is whether the assigned immigration judge would continue to rely upon Hurtado or Section 1225(b)(2)(A) to deny the petitioner bond. As the BIA has previously indicated, however, "published case law from a United States court of appeals must be followed within the same circuit, except in unusual circumstances[.]" Matter of K-S-, 20 I. & N. Dec. 715, 718 (BIA 1993) (citing Matter of Anselmo, 20 I. & N. Dec. 25, 31 (BIA 1989)). There appear to be no unusual circumstances in petitioner's immigration case. He is similar to hundreds of petitioners who have sought habeas relief in this district over the past year.

Rico Silva is detained within the jurisdiction of the Third Circuit Court of Appeals. In Buele Morocho, the court explicitly found the BIA's logic in Hurtado

to be fundamentally flawed. 189 F.4th at 292, 294 & n.8. Thus, pursuant to BIA precedent, the immigration judge in this case would be bound by Buele Morocho, not Hurtado. The court also has no evidence that a bond hearing in this case would have a predetermined outcome. Such circumstances weigh against finding futility in the administrative process. Therefore, petitioner must go through the administrative process and not use a § 2241 petition to duck that process.

In the traverse, petitioner indicates that his custody redetermination hearing request was withdrawn “so that newly retained counsel could prepare and file a complete bond package.” (Doc. 6 at 2). He argues: “That was a transition between counsel, not a waiver.” Id. Regardless of the reasons for postponing his custody redetermination hearing, petitioner must avail himself of the ability to obtain bond through a hearing with an immigration judge.

As for Rico Silva’s request for burden shifting at the hearing, he has not demonstrated a violation of his procedural due process rights. Therefore, the court will not shift the burden of proof onto the government at any hearing. See Borbot v. Warden Hudson Cnty. Corr. Facility, 906 F.3d 274, 279 (3d Cir. 2018) (explaining that the burden of proof remains on a noncitizen detained under § 1226(a)).

When Rico Silva moves forward with his custody redetermination hearing, he is entitled to fair hearing before a neutral and impartial IJ. There are "three pillars" of a fair hearing: "(1) the IJ engages in fact-finding based on the record made at a hearing and disclosed to the noncitizen; (2) the noncitizen has the opportunity to make arguments and present evidence on his/her own behalf; and (3) the IJ makes an individualized determination of the noncitizen's claims." B.C. v. Att'y Gen. U.S., 12 F.4th 306, 313 (3d Cir. 2021) (citing Chong v. Dist. Dir., I.N.S., 264 F.3d 378, 386 (3d Cir. 2001)). The petitioner is also entitled to an interpreter at the time of the bond hearing. See Marincas v. Lewis, 92 F.3d 195, 204 (3d Cir. 1996).

Should Rico Silva experience a proceeding that he believes has not been fundamentally fair or has violated his Fifth Amendment right to due process of law, nothing in this order precludes him from seeking relief through a renewed Section 2241 petition.

Thus, for the reasons set forth above, it is hereby **ORDERED** as follows:

1) Israel David Rico Silva's petition for writ of habeas corpus under 28 U.S.C. § 2241 is **DISMISSED** for failure to exhaust administrative remedies; and

2) The Clerk of Court is directed to close this case.

Date: 10/29/26

**BY THE COURT:**

**JUDGE JULIA K. MUNLEY**
**United States District Court**